Honorable William R. Bullock Prosecuting Attorney Fifteenth Judicial District P. O. Box 5 43 East Fourth Street Booneville, AR 72927
Dear Mr. Bullock:
You have requested an opinion from our Office on the following question:
 On December 16, 1985, an individual traded land with the U.S. Forest Service. The question is whether the land that was traded to the U.S. Forest Service on December 16, 1985, was exempt from real estate taxes for all of 1985.
This issue was dealt with in Opinion No. 81-22, written on February 26, 1981, to State Senator Morriss M. Henry. That opinion stated that:
 . . . the manner in which real property taxes are assessed and collected depends upon the status of the property as of the first day of January. Arkansas law does not contain a provision which would allow taxes to be assessed only for the portion of the year in which a taxable organization holds the property. IF THE PROPERTY WAS TAXABLE AS OF JANUARY 1, 1979, THE CORRECT MANNER IN WHICH TO PROCEED IS FOR THE TAXES TO BE ASSESSED FOR THE ENTIRE YEAR, WITHOUT REGARD TO A CHANGE IN THE STATUS DURING THE YEAR.
With regard to the fact situation mentioned in your letter, then, the fact that the land was acquired by an exempt organization in December of 1985 does not exempt the land from taxation for the entire year of 1985.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Tim Humphries.
cc: Mr. Dave McConnell, Scott County Assessor, Scott County Courthouse Waldron, AR 72958
Mr. John Zimple, Assessment Coordination Division, Scott County Assessor's Office, Scott County Courthouse, Waldron, AR 72958
Opinion No. 81-22
February 6, 1981
The Honorable Morriss M. Henry Arkansas State Senator State Capitol Little Rock, AR 72201
Dear Senator Henry:
You have requested an opinion from our office on the following question:
 If real property subject to taxation on January 1, 1979, is purchased by a municipality during the 1979 calendar year and is used exclusively for a public purpose, is the municipality liable for payment of taxes on said property according to its value on the first day of January; or does the property become exempt from all, or any part of, 1979 general ad valorem taxes upon such purchase and use?
The Constitution provides that public property used exclusively for a public purpose shall be exempt from taxation. Art. 16, 5. Unfortunately, however, there is no express statute or judicial opinion which addresses the manner in which the assessment and collection of taxes should be handled when a taxable piece of real property is acquired during the year by an individual or organization which is exempt from taxation. Absent an express rule, the general rules for assessment and collection of taxes must be relied upon.
First, the relevant statutes involved in an examination of this question must be set forth. Ark. Stat. Ann. 84-426 (Repl. 1980) provides:
 All property in this State shall be assessed by the duly authorized authorities according to its value on the first day in January.
Ark. Stat. Ann. 84-107 (Repl. 1980) provides in pertinent part:
 Taxes assessed upon real and personal property . . . shall be a lien upon and bind the property assessed from the first Monday of January of the year in which the assessment shall be made and continue until such taxes . . . shall be paid; provided, that as between grantor and grantee, said lien shall not attach until (the third Monday in February, see Ark. Stat. Ann. 84-807) in each year after the tax lien attaches.
A reading of the quoted statutes leads me to the conclusion that the manner in which real property taxes are assessed and collected depends upon the status of the property as of the first day of January. Arkansas law does not contain a provision which would allow taxes to be assessed only for the portion of a year in which a taxable organization holds the property. If the property was taxable as of January 1, 1979, the correct manner in which to proceed is for taxes to be assessed for the entire year, without regard to a change in status during the year. (The responsible official should, of course, take cognizance of the change of status as of January 1, 1980, by entering any exempt property on a separate list, as required by Ark. Stat. Ann. 84-459 (Repl. 1980).)
This interpretation of the statute is supported by Ark. Stat. Ann. 84-436 (Repl. 1980), which provides that tax exempt property which is sold during the year shall not be subject to assessment and taxation until January 1, for the year immediately following the sale.
Under 84-107, as between buyer and seller, the taxes thus assessed for 1979 would not attach until the third Monday in February, 1980. If the seller delivered a warranty deed to the buyer PRIOR to this date, the buyer would be liable for the taxes for 1979. If a warranty deed were delivered to buyer AFTER this date, the seller would be liable for the 1979 taxes. Certainly, however, liability for taxes is a proper matter of contract between the buyer and seller. An agreement in this regard, if any, would control over the terms of the statute.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David L. Williams.